# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VICTOR VERDUN, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-3326** |
| **BURL CAIN, WARDEN** | **SECTION "I"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing. For the following reasons, it is hereby recommended that the instant petition be **DISMISSED WITH PREJUDICE**.

# **PROCEDURAL HISTORY**[1]

Petitioner, Victor Verdun, a prisoner incarcerated in the Louisiana State Penitentiary, Angola, Louisiana, was charged by grand jury indictment with two counts of aggravated rape, violations of La. R.S. 14:42. Petitioner pled not guilty and, following trial by jury in the Twenty-Second Judicial District Court for the Parish of St. Tammany, was found guilty as charged on both counts. The trial court sentenced petitioner on each count to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. On June 25, 2004, the Louisiana First Circuit Court of Appeal affirmed petitioner's convictions and sentences. *State v. Verdun*, 876 So.2d. 969 (Table), No. 2003-KA-2170 (La. App. 1 Cir. June 25, 2004) (unpublished opinion). On December 10, 2004, the Louisiana Supreme Court denied petitioner's writ application, *State v. Verdun*, 888 So.2d 834 (La. 2004), thereby rendering petitioner's convictions and sentences final.

On March 6, 2006, petitioner filed an application for post-conviction relief with the state district court.[2] Petitioner's effort in this regard culminated on April 3, 2009, when

---

[1] A portion of the procedural history was obtained from the Louisiana First Circuit Court of Appeal's opinion, *State v. Verdun*, 876 So.2d 969 (Table), No. 2003-KA-2170 (La. App. 1 Cir. June 25, 2004) (unpublished opinion). A copy of the state appellate court's unpublished opinion is contained in the State rec., vol. 7 of 8.

[2] A copy of petitioner's post-conviction application is contained in the State rec., vol. 8 of 8. The March 6, 2006 filing date of petitioner's application for post-conviction relief represents the date petitioner signed his post-conviction application. In *Causey v. Cain*, 450 F.3d 601, 603-607 (5th Cir. 2006), it was determined that the "mailbox rule" would be utilized in determining the filing date of state court pleadings for purposes of ascertaining the timeliness of a federal habeas petition. Under this rule, a pleading filed by a prisoner acting *pro se* is considered to be filed on the date it is

the Louisiana Supreme Court denied petitioner's writ application, *State ex rel. Verdun v. State*, 6 So.3d 762 (La. 2009), as untimely pursuant to La.C.Cr.P. art. 930.8, and on May 29, 2009, when the state high court denied petitioner's application for reconsideration. *State ex rel. Verdun v. State*, 9 So.2d 154 (La. 2009).

On April 8, 2009, petitioner filed the instant application for federal habeas corpus relief (rec. doc. 3), raising numerous claims of counsel ineffectiveness, prosecutorial misconduct, and trial court errors, the same claims which he raised in connection with his state post-conviction application. In its response (rec. docs. 10 and 11), the State does not contest the fact that petitioner has exhausted his state court remedies as required under *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). The State, however, contends that the instant petition is untimely and that petitioner's claims are procedurally barred. For the following reasons, this court agrees.

---

delivered to prison officials for mailing, rather than the date it is received by the court. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Generally, the date a prisoner signs his petition is presumed to be the date he delivered it to prison officials for mailing. *See Colarte v. Leblanc*, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this Court on the date he signed his application); *Magee v. Cain*, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same); *Punch v. State*, 1999 WL 562729, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for mailing on date he signed petition).

3

## ANALYSIS

### A. Timeliness

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review.[3] *See* 28 U.S.C. § 2244(d)(1) (West 2010), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220. In this case, petitioner's convictions became final on December 10, 2004, and his time for seeking review expired on March 10, 2005, ninety days following his final state court judgment, when his time for filing a petition for a writ of certiorari with the United States Supreme Court expired. *See* Sup.Ct.R. 13(1); *see also Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099, 120 S.Ct. 1834, 146 L.Ed.2d 777 (2000); *Habteselassie v. Novak*, 209 F.3d 1208, 1209 (10th Cir. 2000); *Harris v. Hutchinson*, 209 F.3d 325, 328 n.1 (4th Cir. 2000). Thus, petitioner had a year from March 10, 2005, or until March 10, 2006, to timely seek federal habeas corpus relief.

As stated earlier, petitioner filed the instant action on April 8, 2009, over four years after the date it was due. Thus, petitioner's federal habeas corpus application must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set

---

[3]The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

forth in 28 U.S.C. § 2244(d)(2). Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

As stated earlier, petitioner filed an application for state post-conviction relief on March 6, 2006, four days before the expiration of his one-year statute of limitations. However, as noted above, petitioner's state post-conviction application was denied by the Louisiana Supreme Court as untimely pursuant to La.C.Cr.P. art. 930.8. *See State ex rel. Verdun v. State*, 6 So.3d 762 (La. 2009).

The United States Supreme Court has clearly provided that when a state post-conviction petition is rejected as untimely, it is not "properly filed" within the meaning of § 2244(d)(2) and, therefore, does not toll prescription. *Pace v. DeGuglielmo*, 544 U.S. 408, 410, 125 S.Ct. 1807, 1810, 161 L.Ed.2d 669 (2005). Thus, petitioner's state post-conviction proceeding did not toll his one-year statute of limitations and his one-year time limit expired on March 10, 2006. Accordingly, the instant action is time-barred absent a basis for equitable tolling.

Equitable tolling is justified only in "'rare and exceptional circumstances.'" *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), quoting *Davis v. Johnson*, 158 F.3d 806 (5th Cir 1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999). It "applies principally where the plaintiff is actively misled by the defendant about the cause of

action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), citing *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). The evidence must show that the applicant, though deterred by matters outside his or her control, was nevertheless diligent in his or her pursuit of § 2254 relief. *Coleman*, 184 F.3d at 403.

In his "Traverse/Rebutter [sic] to District Attorney's Answer to Petition for Habeas Corpus" (rec. doc. 12, pp. 2-3), petitioner argues that the instant action is not time-barred because the Louisiana Supreme Court erred in finding his state post-conviction proceeding untimely pursuant to La.C.Cr.P. art. 930.8.

It is well-established that it is not the province of a federal court, on habeas review, to reexamine state court determinations of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991). "We have repeatedly held that a state court's interpretation of state law, . . . binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76, 126 S.Ct. 602, 604, 163 L.Ed.2d 407 (2005), citing Estelle, 502 U.S. at 67-68; *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). *See also Woodfox v. Cain*, 609 F.3d 774, 816 (5th Cir. 2010) (citation omitted) ("On habeas review we will defer to a state court's interpretation and application of state law because we search only for violation of federal law."). Thus, petitioner's claim that the Louisiana Supreme Court misapplied La.C.Cr.P. art. 930.8 in finding his state post-conviction proceeding untimely does not afford petitioner a proper basis for equitably tolling his federal prescriptive period.

Petitioner also suggests that he is entitled to equitable tolling because he was "deprived of any notification" that his state court proceeding was subject to being denied as untimely and because he "has diligently pursued his right to Federal Habeas Review" by filing the instant action "within 24 hours" of his receipt of the Louisiana Supreme Court's post-conviction decision. (Rec. doc. 12, p. 3).

In *Pace*, *supra,* the petitioner similarly objected to the fact that he had received no notice that his state post-conviction proceeding would be deemed untimely. Petitioner challenged "the fairness" of the Court's decision that an untimely state post-conviction proceeding does not toll prescription under § 2244(d)(2), arguing that "a 'petitioner may litigate in state court for years only to find out at the end that he was never "properly filed,"' and thus that his federal habeas petition is time barred." *Pace*, 544 U.S. at 416, 125 S.Ct. at 1813. The *Pace* Court, however, rejected petitioner's argument, reasoning that a petitioner, with the exercise of due diligence, can "avoid this predicament . . . by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Id.* (citation omitted).

Based upon the above, this court is not persuaded that petitioner is entitled to equitable relief based upon the fact that he received no prior notice that his state post-conviction proceeding may be dismissed as untimely or based upon the fact that he acted with due diligence in filing his federal habeas petition shortly after his state post-conviction application was time-barred. Petitioner could have avoided the prescription problem he

7

presently faces by earlier exercising due diligence and filing a "protective petition" with this court.

### B. Procedural Default

Generally, a federal court will not review a question of federal law decided by a state court if the decision of that state court rests on a state ground that is both independent of the merits of the federal claim and adequate to support that judgment. *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir.), *cert. denied*, 516 U.S. 1005, 116 S.Ct. 557, 133 L.Ed.2d 458 (1995), citing *Harris v. Reed*, 489 U.S. 255, 262, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989). This "independent and adequate state law" doctrine applies to both substantive and procedural grounds and affects federal review of claims that are raised on either direct or habeas review. *Amos*, 61 F.3d at 338 (citations omitted). In order to fulfill the independence requirement, the last state court rendering a judgment in the case must "clearly and expressly" indicate that its judgment is independent of federal law and rests on a state procedural bar. *Amos*, 61 F.3d at 338; *Harris*, 489 U.S. at 263, 109 S.Ct. at 1043.

In *State ex rel. Verdun v. State*, 6 So.3d 762 (La. 2009), the Louisiana Supreme Court, in denying petitioner's application for post-conviction relief, clearly and expressly relied upon La.C.Cr.P. art. 930.8, which provides for the dismissal of an untimely post-conviction application. Accordingly, the court finds that the "independence requirement" has been met.

8

The state procedural rule must also be "adequate". "An 'adequate' rule is one that state courts strictly or regularly follow, and one that is applied evenhandedly to the vast majority of similar claims." *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997), *cert. denied*, 523 U.S. 1125, 118 S.Ct. 1811, 140 L.Ed.2d 949 (1998), citing *Amos*, 61 F.3d at 339. A state procedural rule enjoys a presumption of adequacy when the state court expressly relies on it in deciding not to review a claim for collateral relief. *Id.*, citing *Lott v. Hargett*, 80 F.3d 161, 165 (5th Cir. 1996).

In the instant matter, there is no suggestion that Article 930.8 has been applied selectively or irregularly. Further, in cases where the pertinent state court dismissal was based upon Article 930.8, the Fifth Circuit has specifically upheld the dismissal of a habeas petition on grounds of procedural default. *See Glover*, 128 F.3d at 902. Accordingly, the court finds that La.C.Cr.P. art. 930.8 constitutes an "independent" and "adequate" state law ground supporting the dismissal of petitioner's claims.

A federal habeas petitioner, however, may be excepted from the procedural default rule if he can show "cause" for his default and "prejudice attributed thereto," or demonstrate that the federal court's failure to review the defaulted claims will result in a "fundamental miscarriage of justice." *Glover*, 128 F.3d at 902, citing *Coleman*, 501 U.S. at 731-32; *Amos*, 61 F.3d at 338-39, citing *Harris*, 489 U.S. at 262; *Engle v. Isaac*, 456 U.S. 107, 129, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). To establish cause for a procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded his

efforts to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). The mere fact that petitioner failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default. *Id*. at 486.

In this case, petitioner has not offered any cause for the default which would excuse the procedural bar imposed by the Louisiana courts. Further, this court's review of the record does not support a finding that any factor external to the defense prevented petitioner from raising his claims in a procedurally proper manner. The record also does not reflect any action or inaction on the part of the State which prevented petitioner from doing so.

"The failure to show 'cause' is fatal to the invocation of the 'cause and prejudice' exception, without regard to whether 'prejudice' is shown." *Hogue v. Johnson*, 131 F.3d 466, 497 (5th Cir.1997), citing *Engle*, 456 U.S. at 134 n. 43). Having failed to show an objective cause for his default, the court need not determine whether prejudice existed, and petitioner has not alleged any actual prejudice. *Ratcliff v. Estelle*, 597 F.2d 474 (5th Cir.1979), citing *Lumpkin v. Ricketts*, 551 F.2d 680, 681-82 (5th Cir.1977).

Petitioner's claims are therefore procedurally barred from review by this federal habeas corpus court absent a showing that a fundamental miscarriage of justice will occur if the merits of his claims are not reviewed. *Hogue*, 131 F.3d at 497, citing *Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992). To establish a fundamental

miscarriage of justice, petitioner must provide this court with evidence that would support a "colorable showing of factual innocence." *Kuhlmann v. Wilson*, 477 U.S. 436, 454, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986); *accord Murray*, 477 U.S. at 496; *Glover*, 128 F.3d at 902. To satisfy the factual innocence standard, petitioner must establish a fair probability that, considering all of the evidence now available, the trier of fact would have entertained a reasonable doubt as to his guilt. *Campos v. Johnson*, 958 F.Supp. 1180, 1195 (W.D. Tx.1997) (footnote omitted); *Nobles v. Johnson*, 127 F.3d 409, 423 n. 33 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998) (actual innocence factor requires a showing by clear and convincing evidence that "but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.") When the petitioner has not adequately asserted his actual innocence, his procedural default cannot be excused under the "fundamental miscarriage of justice" exception. *Glover*, 128 F.3d at 903.

Petitioner does not present and the record does not contain evidence that suggests his actual innocence. Accordingly, petitioner has failed to overcome the procedural bar to his claims. Accordingly, said claims are procedurally barred and must be dismissed with prejudice for that reason.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the application for federal habeas corpus relief filed on behalf of petitioner, Victor Verdun, be **DENIED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. §636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(*en banc*).[4]

New Orleans, Louisiana, this __2nd__ day of _____September_____, 2010.

_____
LOUIS MOORE, JR.
United States Magistrate Judge

---

[4]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.