UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**VICTOR VERDUN, JR.**                                                      **CIVIL ACTION**

**VERSUS**                                                                           **No. 09-3326**

**BURL CAIN ET AL.**                                                         **SECTION I**

## ORDER AND REASONS

Before the Court is the motion and affidavit[1] filed by petitioner, Victor Verdun, Jr. ("Verdun"), for recusal of the undersigned U.S. District Judge from the instant case pursuant to 28 U.S.C. §§ 144 and 455. Section 144 provides that an affidavit supporting recusal "shall be accompanied by a certificate of counsel of record stating that it is made in good faith." Pro se petitioners are not excused from § 144's certificate requirement.[2] Verdun has submitted no such certificate, and § 144 relief is unavailable. Additionally, for the reasons discussed below, the affidavit is legally insufficient. *See Emmett v. Allred Unit*, 428 F. App'x 352, 354 (5th Cir. 2011) (district court judge may rule on legal sufficiency of §144 affidavit); *United States v. Gonzalez*, 348 F. App'x 4, 6 (5th Cir. 2009) (observing that §§ 144 and 455 involve "substantively similar" requirements). The Court proceeds to analyze Verdun's motion pursuant to § 455.

Section 455(b)(1) requires recusal of a judge who "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

---

[1] R. Doc. No. 40.
[2] *See Parker v. Bd. of Supervisors Univ. of Louisiana-Lafayette*, 270 F. App'x 314, 316 (5th Cir. 2008) ("Parker failed to accompany his motion asserting bias with a timely and sufficient affidavit and a certificate of counsel of record stating that it is made in good faith, even if signed by himself pro se, as required by § 144.") (quotation omitted); *see also Green v. Stevenson*, No. 12-432, 2012 WL 2154123 (E.D. La. June 13, 2012) (Shushan, M.J.); *Buckenberger v. Cain*, No. 10-1194, 2010 WL 2653337 (E.D. La. June 25, 2010) (Knowles, M.J.).

Section 455(a) requires recusal when a judge's "impartiality might reasonably be questioned." "These provisions afford separate, though overlapping, grounds for recusal." *Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003). When applying the objective standard of whether a judge's "impartiality might reasonably be questioned," the relevant perspective is that of "the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." *Id.* at 455 (quoting *United States v. Jordan*, 49 F.3d 152, 156 (5th Cir. 1995)).

The first basis for Verdun's recusal motion is that the undersigned " has ignored such glaringly obvious evidence favorable to this Petitioner, which produced injustice to Petitioner, that the public's confidence in the judicial process will be undermined."[3] Verdun asserts that the undersigned will continue "avoiding the facts and evidence presented on Rule 60(b) motion for relief," "caus[ing] injustice to ensue in future cases on the same issues."

A court's rulings "can only in the rarest circumstances evidence the degree of favoritism or antagonism [required for recusal] when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal." *Andrade*, 338 F.3d at 455 (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994). Only rulings that reflect a "deep-seated and unequivocal antagonism that would render fair judgment impossible" require recusal. *Id.* at 556. The alleged avoidance of facts and evidence suggests grounds for an appeal rather than the deep-seated antagonism required for recusal.

The second basis for the recusal motion is that the undersigned "will be a party named in a 1983 suit that Petitioner is filing in relation to this case, and he will clearly be conflicted out of continuing in the case."[4] Section 455(a)(5), which addresses recusal when a judge is a party, does

---

[3] R. Doc. No. 40, at 3.
[4] *Id.*

not apply to the present proceeding because the undersigned is not a party. The possibility of a separate action in which the undersigned is a named defendant does not require recusal. "A judge is not disqualified merely because a litigant sues or threatens to sue him." *In re Bush*, 232 F. App'x 852, 854 (11th Cir.2007) (quoting *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977)); *see also In re Trader*, 419 F. App'x 170, 170 (3d Cir. 2011); *In re Taylor,* 417 F.3d 649, 652 (7th Cir. 2005)*; United States v. Studley*, 783 F.2d 934, 939-40 (9th Cir. 1986).

For the foregoing reasons,

**IT IS ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana, March 28, 2013.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**